UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SAMUEL ANTHONY ACINELLI, Jr., <br><br>                Plaintiff, <br><br>    v. <br><br>KIRK ANTHONY TORRES, <br><br>                Defendant. | No. ED CV 13-1371-AB (PLA) <br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**INTRODUCTION**

On August 25, 2016, the United States Magistrate Judge issued a Final Report and Recommendation, recommending that defendant's Motion for Summary Judgment be granted and judgment entered dismissing this action. On September 12, 2016, plaintiff filed Objections to the Final Report and Recommendation, with several attachments. ("Objs."; ECF No. 92). Defendant filed a Response to plaintiff's Objections on September 20, 2016.

/

/

/

/

## II.

## **DISCUSSION**

Although plaintiff asserts in his Objections that he was instructed not to discuss his complaints against Dr. Torres with prison officials (Objs. at 4), nothing in his attachments reflects that he was instructed by anyone not to inform prison officials of his complaints against Dr. Torres or not to utilize the prison grievance system. To the contrary, a grievance that plaintiff filed in 2013 indicates that he was advised by the Attorney General's Office and the State Medical Board to file a Healthcare Appeal. (ECF No. 92 at 13).

In addition, plaintiff's Attachment B pertains to a rejected grievance, CIM HC-13025594, which plaintiff filed on March 19, 2013, more than a year after the alleged incidents. In this grievance, plaintiff references a sexual assault committed by Dr. Torres, but he does not specify any dates or details. (See ECF No. 92 at 11-13). Not only did plaintiff not exhaust this grievance, but this grievance does not reflect that plaintiff ever filed a grievance putting prison officials on notice of the February 2012 incidents.

Further, neither plaintiff's contact with his criminal attorney (Objs. at 3, Attach. C), nor his call to an anonymous hotline (Objs. at 3), could put prison officials on notice or provide prison officials with an opportunity to resolve any issue concerning the alleged sexual misconduct by Dr. Torres in February 2012. Accordingly, nothing in plaintiff's Objections shows that, in this particular case, the existing and generally available administrative remedies were effectively unavailable to plaintiff.

## III.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Fifth Amended Complaint, the other records on file herein, the Magistrate Judge's Final Report and Recommendation, plaintiff's Objections to the Final Report and Recommendation, and defendant's Response. The Court has engaged in a de novo review of those portions of the Final Report and Recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Final Report and Recommendation is accepted;

2. Defendant's Motion for Summary Judgment is granted;

3. Plaintiff's federal claim is dismissed without leave to amend and without prejudice for failure to exhaust administrative remedies;

4. Plaintiff's state law claims are dismissed without leave to amend, but without prejudice to plaintiff raising such claims in state court;

5. Judgment shall be entered dismissing this action; and

6. The clerk shall serve this Order on all counsel or parties of record.

DATED: September 28, 2016

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE